JAP:JRL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

OTHNIEL POLANCO,

           Defendant.

- - - - - - - - - - - - - - - - -X

**12 M 646**

C O M P L A I N T

(T. 49, U.S.C.,
§ 46506(1))

EASTERN DISTRICT OF NEW YORK, SS:

      THAIS CANIN, being duly sworn, deposes and says that she is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

      Upon information and belief, on or about July 9, 2012, the defendant OTHNIEL POLANCO, while being an individual on an aircraft in the special aircraft jurisdiction of the United States, did commit an act, to wit, sexual contact, that, if committed in the special maritime and territorial jurisdiction of the United States, would violate Chapter 109A of Title 18 of the United States Code, to wit, Section 2244(b) of Title 18 of the United States Code.

      (Title 49, United States Code, Section 46506(1)).

2

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. Your deponent was notified that on July 9, 2012, a male passenger (hereinafter, "the passenger") who had been aboard Jet Blue Airways Flight No. 706 from Puerto Rico to John F. Kennedy International Airport ("JFK") in Queens, New York, complained that an individual seated next to him on the plane had engaged in unwanted and non-consensual sexual contact with him during the course of the flight. That individual has been identified as defendant OTHNIEL POLANCO. Jet Blue Flight No. 706 had departed Puerto Rico on the night of July 9, 2012, and arrived at JFK on the night of July 9, 2012.

2. On Jet Blue Flight No. 706, the passenger was seated in seat 11E, a middle seat, and his companion/friend was seated in seat 11D, an aisle seat. Defendant OTHNIEL POLANCO was seated in a window seat, seat 11F, next to the passenger.

3. Upon being notified of the passenger's complaint, an FBI Special Agent proceeded to JFK and met with the passenger. The passenger indicated to a Special Agent with the FBI, in sum and substance and among other things, that, shortly into the flight, the passenger put down his tray table and assumed a sleeping position over the tray table. The passenger later awoke when the passenger's companion/friend, seated along the aisle, woke him. The passenger realized that the hand of the passenger

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

in seat 11F, the window seat, was inside of the passenger's shorts, gripping around the shaft of his penis. The window seat passenger's hand had entered the passenger's shorts at around the knee area and was underneath the passenger's undergarments.

4. The passenger's companion/friend stated to a Special Agent with the FBI that at one point, the passenger's companion/friend observed the window seat passenger, covered by a jacket, moving in an odd fashion, crossing over the arm rest between seats 11F and 11E. At that point, the passenger's companion/friend woke the passenger.

5. The passenger's father, who was seated in the row in front of the passenger, in seat 10D, also spoke with a Special Agent of the FBI and indicated that when the passenger cried out, he witnessed the window seat passenger's hand between the passenger's legs.

6. The flight crew was made aware of the situation, and the window seat passenger, the defendant OTHNIEL POLANCO, was moved to another seat.

7. When the flight arrived at JFK, flight attendants identified the window seat passenger to Port Authority officers. The defendant was identified as OTHNIEL POLANCO. When questioned by Port Authority officers, OTHNIEL POLANCO acknowledged, in substance, that he had crossed a boundary.

8. A Special Agent with the FBI met with defendant OTHNIEL POLANCO, at which point the defendant claimed, in

4

substance, that he had fallen asleep and had not realized where his hand was.

9. It is your deponent's understanding that the plane on which defendant OTHNIEL POLANCO was flying is a "civil aircraft of the United States," pursuant to 49 U.S.C. § 46501(2)(a). It is further your deponent's understanding that the plane in question was "in flight," as defined in 46 U.S.C. § 46501(1), during the events described herein.

WHEREFORE, your deponent respectfully requests that defendant OTHNIEL POLANCO be dealt with according to law.

_____
THAIS CANIN
Special Agent
Federal Bureau of Investigation

Sworn to before me this
10th day of July, 2012

_____
JOAN M. AZ    s/ Azrack
United Sta
Eastern Di